**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

<u>NOT FOR PUBLICATION</u>

| | |
|---|---|
| IDT CORPORATION,<br><br>         Plaintiff,<br>v.<br><br>GIL BOOSIDAN,<br><br>         Defendant. | Civil Action No.<br><br>2:13-CV-1539-SDW-SCM<br><br>**OPINION AND ORDER ON INFORMAL MOTION TO EXCLUDE WITNESSES IDENTIFIED IN SUPPLEMENTAL DISCLOSURES    [D.E. 81]** |

**STEVEN C. MANNION**, United States Magistrate Judge:

Before the Court is Defendant Gil Boosidan's informal discovery motion to exclude witnesses identified by Plaintiff IDT Corporation ("IDT") in its supplemental disclosures.[1] Counsel appeared on February 3, 2016 for a settlement/status conference, declined oral argument on the motion, and submitted the dispute to the Court for decision. Upon consideration of the parties' submissions and for the reasons set forth herein, the Defendant's Rule 37(c) motion is **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 80, 81).

I.  **BACKGROUND**

   A. **Facts**[2]

   IDT Corporation ("IDT") brings this declaratory judgment action against Gil Boosidan, its former employee who held a variety of positions until IDT terminated him in December 2012.[3] IDT requests that the Court declare that Mr. Boosidan was an at-will employee of IDT and that IDT is not required to pay him any further compensation.[4]

   According to Mr. Boosidan, IDT employed him from sometime in 1998 through December 31, 2012.[5]  In January or February of 2007, Mr. Boosidan was ordered to cease his work managing IDT's investments pending an internal investigation at IDT concerning allegations of unspecified misconduct filed by unnamed third parties.[6]  According to IDT, Mr. Boosidan, while performing minimal tasks, came to IDT in May 2007, "seeking money."[7]  In the

---

[2] The facts of this case are set forth in detail in the opinion denying summary judgment, *IDT Corp. v. Boosidan*, No. 13-1539 (SDW)(SCM), 2015 WL 5138385 (D.N.J. Sept. 1, 2015), with only those portions relevant to this motion repeated here.

[3] *Id.* at *1 (internal citations omitted).  *See also* (D.E. 1, Compl.).

[4] *See* (D.E. 1, Compl.).

[5] *IDT Corp.*, 2015 WL 5138385, at *1 (internal citations omitted).

[6] *Id.*

[7] *Id.*

2

summer of 2007, Mr. Boosidan met with Howard Jonas, Chairman of IDT.[8]  According to Mr. Boosidan, he and Mr. Jonas reached an oral agreement pursuant to which IDT agreed to pay him $4 million over five years through an installment scheme.[9]  Mr. Boosidan alleges that Mr. Jonas indicated that he would present the 2007 Oral Agreement to the Compensation Committee of IDT's Board of Directors ("Compensation Committee") in order to "justify" the large amounts of money Mr. Boosidan would receive from IDT.[10]

On July 30, 2007, the Compensation Committee voted on whether to approve the oral agreement.[11]  The parties dispute what the Compensation Committee approved at this meeting.[12] According to IDT, the Board approved a framework for Mr. Boosidan's future potential compensation.[13]  IDT alleges that the Committee members agreed that approval of the proposed compensation structure would be contingent upon IDT's future agreements with Mr. Boosidan, if such agreements would be in the

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.* at *2.

[12] *Id.*

[13] *Id.* (internal citations omitted).

3

best interest of the company.[14]  IDT denies, however, that IDT and Mr. Boosidan reached a cognizable oral agreement.[15]

Mr. Boosidan disputes this and maintains that Mr. Jonas had unilateral authority to enter binding contracts on IDT's behalf.[16]  His counsel sent IDT a letter in September of 2007, seeking a "draft of the separation agreement", but a separation agreement was never finalized or signed.[17]

### B. Procedural History

On March 13, 2013, IDT filed its complaint against Mr. Boosidan.[18]  Mr. Boosidan answered with a counterclaim on April 9, 2013.[19]

The Court entered an initial scheduling order on June 6, 2013.[20]  The Scheduling Order prescribed the timing for the parties to exchange disclosures and serve and respond to

---

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] (D.E. 1).

[19] (D.E. 4).

[20] (D.E. 8).

discovery demands.[21]  The discovery end date was set at December 31, 2013, and subsequently extended to October 31, 2014.[22]

The parties exchanged their respective initial disclosures in 2013.[23]  IDT moved for summary judgment on January 22, 2015.[24] The motion was denied on September 1, 2015.[25]

On about November 23, 2015, IDT provided Mr. Boosidan with supplemental disclosures listing the following individuals as having "discoverable information with respect to the claims or defenses in this case:" Eric Cosentino, James Mellor, and Judah Schorr.[26]  By joint letter dated January 20, 2016, the parties framed their dispute over IDT's supplemental disclosures.[27]

The final pre-trial conference is scheduled for March 7, 2016.[28]

---

[21] (*Id.* at ¶¶ 1, 15, 16).

[22] (D.E. 8, 10, 33, 37).

[23] (D.E. 82-2, 82-3).

[24] (D.E. 44).

[25] (D.E. 67).

[26] (D.E. 81-1).

[27] (D.E. 80).

[28] (D.E. 78).

## II. LEGAL STANDARD

### A. § 636, Magistrate Judge Authority

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[29] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion,[30] and further provided that discovery disputes shall be brought to the magistrate judge on an informal basis.[31] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law."[32]

### B. Disclosures

#### 1. Initial and Supplemental Disclosures

The Federal Rules mandate the production of initial disclosures:

> a party must, without awaiting a discovery request, provide to the other parties ... the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.[33]

---

[29] 28 U.S.C. § 636(b)(1)(A).

[30] L.Civ.R. 72.1(a)(1).

[31] L.Civ.R. 37.1.

[32] 28 U.S.C. § 636(b)(1)(A).

[33] Fed.R.Civ.P. 26(a)(1)(A).

6

Disclosing parties then have a related duty to

> supplement or correct its disclosure ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.[34]

The purpose of initial disclosures is to "accelerate the exchange of basic information about the case and to eliminate paper work involved in requesting such information."[35] For that reason, every disclosure must be signed by at least one attorney of record in the case or by a *pro se* party if not represented.[36] That signature is a certification "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" the disclosure is "complete and correct as of the time it is made".[37]

### 2. The Impeachment-Evidence Exception

The impeachment-evidence exception, codified in Rule 26(a), has been the subject of different interpretations.[38]  While

---

[34] Fed.R.Civ.P. 26(e).

[35] *U.S. ex rel. Hunt v. Merck–Medco Managed Care, LLC*, 223 F.R.D. 330, 333 (E.D. Pa. 2004)(quoting Rule 26 Advisory Committee Notes to 1993 amendments).

[36] Fed.R.Civ.P. 26(g).

[37] *Id.*

automatic disclosure was adopted to preclude trial by ambush, and expansive and time-consuming pretrial discovery techniques, a too expansive interpretation of the impeachment-evidence exception could defeat those original purposes.[39] An interpretation too narrow could result in another set of evils, i.e., encroachment of an attorney's trial preparation.[40] The Court in *Hayes* therefore adopted a "more balanced reading of the exclusion that takes into consideration fairness factors" that were noted by the Third Circuit.[41] Namely, these factors are:

> (1) the prejudice or surprise in fact of the party against whom the information was offered, (2) the ability of that party to cure the prejudice, and (3) the bad faith or wilfulness in withholding the information. In short, the rule should be applied as an aid in the truth-seeking process....[42]

This Court agrees with the reasoning in *Hayes*.

### 3. Failure to Disclose or Supplement

If a party fails to make a timely disclosure, Rule 37 provides the Court with options.[43] The Court may exclude the

---

[38] *See Hayes v. Cha*, 338 F. Supp. 2d 470, 503 (D.N.J. 2004).

[39] *Id.*

[40] *Id.*

[41] *Id.* at 504 (citing *Konstantonopoulos v. Westvaco Corp.*, 112 F.3d 710 (3d Cir. 1997)).

[42] *Id.* (citing *Konstantopoulos*, 112 F.3d at 719).

witness or information, unless it finds the error was "justified or harmless".[44]  Exclusion of evidence is disfavored and not typically imposed "absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence."[45]

## II. DISCUSSION

Mr. Boosidan argues in favor of a Rule 37(c)(1) sanction of excluding the witnesses at trial or striking the supplemental disclosures for IDT's alleged failure to disclose in accordance with the Court's deadlines.  IDT opposes and argues it was not obligated to disclose the at-issue witnesses under the impeachment-evidence exception because it "did not intend to present those witnesses as part of its affirmative case but only to address Defendant's reliance on the July 2007 meeting of the Compensation Committee...."[46]  In opposition, Mr. Boosidan argues that the disclosure was untimely, incomplete, and prejudicial.[47]

The impeachment-evidence exception is clear that so long as these witnesses are only called for the limited purpose within

---

[43] Fed.R.Civ.P. 37(c)(1).

[44] *Id.*

[45] *Konstantopoulous*, 112 F.3d at 719.

[46] (D.E. 82).

[47] (D.E. 81).

9

the Rule 26(a)(1)(A) exception, i.e., for impeachment purposes, disclosure by IDT is not required. Because IDT seeks to call these witnesses only for impeachment purposes, and because the Court finds that none of the fairness factors caution against application of the impeachment-evidence exception, the Court denies Mr. Boosidan's motion.

As to the first fairness factor, i.e., prejudice or surprise in fact of the party against whom the information was offered, the Court finds that disclosure of this information will not prejudice Mr. Boosidan. Although Mr. Boosidan claims prejudice, he does not dispute that he was aware of the identity and relevance of the at-issue witnesses since at least 2013.[48] The Compensation Committee meeting on July 30, 2007 concerns facts central to this case, which is why Mr. Boosidan's counsel attached the Meeting Minutes to his papers,[49] and why the parties focused on those events during summary judgment briefing.[50] Mr. Boosidan's papers also make clear that he knowingly made a tactical decision not to depose the Compensation Committee members during discovery.[51]

---

[48] (D.E. 82)(citing D.E. 80).

[49] (D.E. 81-3). This document was produced in discovery.

[50] (D.E. 80).

[51] (D.E. 81 at 2).

As to the second fairness factor, i.e., ability to cure prejudice, the Court finds that even if Mr. Boosidan experienced minimal prejudice, there is ample time to cure it. Unlike the defendant in *Hayes*, who only learned of evidence not previously produced in discovery at trial, Mr. Boosidan was made aware of the witnesses well in advance of the pre-trial conference and still has more time to prepare. Trial has not even been scheduled. Thus, the Court finds that there is either no prejudice or at most minimal prejudice to Mr. Boosidan that he has time to cure.

As for the final factor, the Court finds that IDT did not act in bad faith. New counsel for IDT substituted into this case on November 4, 2015 and supplemented the disclosures within one month out of an abundance of caution.[52] Mr. Boosidan has not shown that supplemental disclosure to be a product of bad faith.

In summary, calling Eric Cosentino, James Mellor, or Judah Schorr for impeachment purposes only, bears little to no risk of prejudice. The delay in disclosure is excusable in accordance with the impeachment exception, and the Court finds that IDT should not be precluded from calling these individuals as impeachment witnesses.

An appropriate Order follows:

---

[52] (D.E. 69, 70).


**ORDER**

IT IS on this Thursday, February 04, 2016,

**ORDERED** that Defendant Boosidan's Rule 37(c) motion to exclude Eric Cosentino, James Mellor, or Judah Schorr as impeachment witnesses is **DENIED**.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

2/4/2016 4:57:08 PM

Original: Clerk of the Court
cc:  Hon. Susan D. Wigenton, U.S.D.J.
     All parties
     File